UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| JAMES J. GORMLEY, | ) | |
| | ) | |
| Plaintiff | ) | Civil No. 5:19-cv-00400-GFVT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| LEXINGTON-FAYETTE URBAN | ) | **ORDER** |
| COUNTY GOVERNMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | | |

***** ***** ***** *****

This matter is before the Court on the Defendants' Motion to Dismiss under Rule 41(b)
for failure to participate in the case. For the following reasons, the Defendants' motion is
**GRANTED**.

**I**

On August 6, 2019, James J. Gormley filed a lawsuit against the Lexington-Fayette
Urban County Government, Director Steve Haney, Corporal Franklin Anthony, Officer DeAndre
Johnson, and Officer Christopher Hensley. [R. 1-1 at 6.] Mr. Gormley alleges that he was
assaulted by another inmate while he was housed in the Franklin County Detention Center. *Id.* at
7. The Defendants removed this action to this Court on September 27, 2019, and filed an
Answer to Mr. Gormley's Complaint on October 17, 2019. [R. 1; R. 6.]

For more than two years thereafter, Mr. Gormley failed to file anything to advance his
case. So, in January 2022, the Court ordered Mr. Gormley to show cause as to why the case
should not be dismissed for failure to prosecute. [R. 8.] Mr. Gormley responded that he
attempted to arrange a Rule 26(f) conference with Defendants' attorneys but "[t]he paralegal

hung up on [him]." [R. 9 at 2.] Mr. Gormley also cited the Covid-19 pandemic and personal family issues as impediments to moving this case forward. *Id.* The Court then discharged Mr. Gormley's show cause order and ordered that the parties conduct a Rule 26(f) conference. [R. 10.] The parties conferred and submitted a joint report of the Rule 26(f) meeting on April 18, 2022. [R. 11.] Afterward, no party filed anything in the record for nearly a year until the Defendants moved to dismiss Mr. Gormley's claims for failure to prosecute. [R. 14.] Mr. Gormley did not respond to the Defendants' motion to dismiss.

## II

### A

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). This rule "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

A district court considers four factors when determining whether to dismiss a case under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Cornett v. Dobson*, 338 F.R.D. 97, 99 (E.D. Ky. 2021) (quoting *Shafer*, 529 F.3d at 736). Although no factor is dispositive, "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359,

363 (6th Cir. 1999) (citing *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir. 1998).

Contumacious conduct means "stubbornly disobedient and willfully contemptuous." *Harmon*, 110 F.3d at 368. Put differently, "the court should ask, before choosing to dismiss the case: Did [the plaintiff] display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings?" *Cowley v. Prudential Sec., Inc.*, No. 21-1635, 2022 U.S. App. LEXIS 16630, at *6-7 (6th Cir. June 15, 2022) (quotation omitted). Dismissal is generally warranted where the party fails to act in the face of a clear prior warning that the case would be dismissed. *Bowles v. City of Cleveland*, 129 Fed. App'x 239, 244 (6th Cir. 2005).

**B**

After review, the Court finds that dismissal is appropriate. The Defendants represent that Mr. Gormley never provided the required initial disclosures under Rule 26(a) and has otherwise "failed to provide any discovery pursuant to the Scheduling Order." [R. 14.] The scheduling order required Mr. Gormley to provide his initial disclosures a year ago, by May 9, 2022. [R. 12.] With no explanation by Mr. Gormley, the Court finds that he is at fault for his failure to provide discovery. And although Mr. Gormley is proceeding *pro se*, he is a disbarred former attorney and the Court finds that he is not in the same position as a typical *pro se* plaintiff. *See Kersey v. Staples*, 2017 WL 6566095, at *2 (D. Mass. Dec. 21, 2017) (citing *Bertucci v. Brown*, 663 F. Supp. 447, 449 (E.D.N.Y. 1987)); *Schwenke v. Utah*, 2011 WL 4345196, at *2 (D. Utah, Sept. 15, 2011) (finding that disbarred attorney "is not in the same position as most *pro se* litigants" because "he is law trained"). Indeed, the Court has no indication that Mr. Gormley has moved his case forward in any manner in the year since the Court issued the scheduling order.

3

Second, the Defendants are prejudiced by Mr. Gormley's delay by incurring legal costs for complying with pretrial deadlines and preparing for trial without the benefit of Mr. Gormley's discovery. [R. 14-1 at 4.] Third, the Court clearly warned Mr. Gormley in its prior order to show cause that a failure to prosecute his case could lead to dismissal of his claims. [*See* R. 8.] Fourth, the Court considered and imposed less drastic sanctions the last time Mr. Gormley's delay came before the Court. *See id.*

Simply put, Mr. Gormley represented on March 1, 2022, that "[i]f the Court will give me 9 months, I will move it along, do discovery and prepare it for trial." [R. 9 at 5.] A year later, there is no evidence that Mr. Gormley prosecuted his case, engaged in discovery, or is now ready for trial. After more than three years, he has filed only a response to the Court's previous order to show cause. [*See* R. 9.] In failing to bring his case, the Court finds that there is a clear record of delay and contumacious conduct. *See Knoll*, 176 F.3d at 363.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendants' Motion to Dismiss **[R. 14]** is **GRANTED**;

2. Plaintiff James Gormley's claims against the Defendants are **DISMISSED WITH PREJUDICE**;

3. The Defendants' Motion in Limine [**R. 15**] is **DENIED** as moot; and

4. An appropriate judgment will be entered herewith.

This the 8th day of May, 2023.

Gregory F. Van Tatenhove
United States District Judge